UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HORACE JONES, JR.

    Petitioner,

v.                                                  Case No. 8:08-cv-1696-T-33TGW

SECRETARY DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

This cause is before the Court on Petitioner Horace Jones, Jr.'s 28 U.S.C. § 2254 petition for writ of habeas corpus. Jones challenges his convictions and sentences entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida. A review of the record demonstrates that, for the reasons set out below, the petition must be denied.

PROCEDURAL HISTORY

On June 15, 1994, Petitioner Horace Jones, along with two co-defendants, Alphonso Murray and Orlando Carson, was indicted by Grand Jury on two counts of first degree

murder and one count of conspiracy to commit first degree murder. (Exhibit 1). On April 21, 1995, a jury found Jones not guilty of conspiracy, but was unable to reach a verdict on the two counts of first degree murder. (Exhibit 2: Case Progress Abstract at page 7). On June 14, 1995, Jones proceeded to retrial on the two first degree murder counts before the Honorable Bob Anderson Mitcham, Circuit Judge. Jones was represented by Assistant Public Defender Theda James. The jury found Jones guilty of both first degree murder charges in Counts One and Two. (Exhibit 3). On June 20, 1995, the state trial court sentenced Jones to concurrent sentences of life imprisonment with a 25-year minimum mandatory term. (Exhibit 4).

## Direct Appeal

Jones pursued a direct appeal. Robert Rosen, the Assistant Public Defender who represented Jones on appeal, filed an initial brief raising four issues:

### Issue I

THE TRIAL COURT IMPROPERLY ALLOWED THE STATE TO INTRODUCE THE FORMER TESTIMONY OF A NONTESTIFYING WITNESS WHERE THE ISSUES IN THE SECOND TRIAL DIFFERED FROM THOSE IN THE FIRST TRIAL.

### Issue II

THE TRIAL COURT IMPROPERLY PERMITTED THE STATE TO INTRODUCE COLLATERAL CRIME EVIDENCE OF THE APPELLANT'S DRUG DEALING.

### Issue III

THE TRIAL COURT ERRED IN EXCLUDING STATEMENTS THAT WERE ADMISSIBLE UNDER THE EXCITED UTTERANCE EXCEPTION TO THE HEARSAY RULE.

Issue IV

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S REQUESTED JURY INSTRUCTIONS.

(Exhibit 5). The State filed an answer brief. (Exhibit 6). On May 9, 1997, in Case No. 95-3333, the state district court of appeal filed a per curiam unwritten opinion affirming Jones' judgment and sentence. (Exhibit 7). *Jones v. State*, 693 So. 2d 982 (Fla. 2d DCA 1997)[table]. The court issued its mandate on June 4, 1997. (Exhibit 8).

Rule 3.850 Motion for Postconviction Relief

On May 27, 1998, Jones allegedly mailed from his correctional institution a pro se Rule 3.850 Motion for Postconviction Relief. (Exhibit 9). For unknown reasons, there was no record of the trial court clerk's receiving this motion. Beginning in 2000, litigation ensued regarding the existence and timeliness of this original Rule 3.850 motion. Eventually, after an evidentiary hearing in the state trial court regarding the filing date of the original motion under the mailbox rule, the state district court of appeal determined that Jones satisfied his burden of proving he had filed the Rule 3.850 motion in 1998. The state trial court was ordered to address the motion on the merits. *Jones v. State*, 854 So. 2d 773 (Fla. 2d DCA 2003). (Exhibit 10).

Jones, through retained counsel, Michael V. Giordano, filed an amended motion for postconviction relief (hereinafter "Rule 3.850 motion" or "motion") on May 20, 2004, raising six claims: (1) trial counsel was ineffective for failing to subpoena for trial a crucial defense witness, Martha Pagan, who would have rebutted the prosecution's chief witness, co-defendant Orlando Carson; (2) trial counsel was ineffective for failing to adequately advise Jones of his absolute, constitutional right to testify in his own defense and coerced

- 3 -

Jones into waiving his right to testify on his own behalf; (3) trial counsel was ineffective for failing to put on a viable defense; that is, she failed to call rebuttal witnesses Michael Parker, Belinda Gonzalez, and Alphonso Murray, all of whom would have case doubt upon the version of events propounded by the State's chief witness, Orlando Carson; (4) trial counsel was ineffective when, in opening statement, without Jones' consent, she conceded he was a drug dealer and his supplier was Vernon Sharpton; (5) trial counsel was ineffective for failing either to file a pretrial motion to dismiss the felony murder charge, or to argue during the motion for judgment of acquittal that the State failed to establish a prima facie case as to the underlying felony; (6) trial counsel was ineffective for failing to have Alphonso Murray's inculpatory statement admitted into evidence as a statement against penal interest. (Exhibit 11).

On September 21, 2004, the State filed a response to the Rule 3.850 motion for postconviction relief, with numerous record attachments. (Exhibit 12). On November 23, 2004, the state trial court granted an evidentiary hearing on ground two of the Rule 3.850 motion, and summarily denied the remaining grounds. (Exhibit 13). Hearings were held before the Honorable Debra K. Behnke on March 14, 2005 and January 24, 2006. (Exhibits 14 & 15). Following the hearing, on August 24, 2006, the state trial court issued a final order denying ground two of the Rule 3.850 motion for postconviction relief. (Exhibit 16).

Jones appealed the adverse rulings. His appointed counsel, Assistant Public Defender Richard J. Sanders, filed an initial brief raising the following issue:

THE TRIAL COURT ERRED IN SUMMARILY DENYING GROUNDS #1 AND #3-#6 OF APPELLANT'S 3.850 MOTION BECAUSE THE ATTACHMENTS TO THE TRIAL COURT'S ORDER DO NOT CONCLUSIVELY REBUT THESE CLAIMS.

(Exhibit 17)

Citing state case law and rules, Jones' argument essentially was that "[m]erely incorporating the State's response does not fulfill the state trial court's obligation to attach excerpts from the record that conclusively rebut Appellant's claims." (Initial Brief of Appellant at p. 4). The State filed an answer brief. (Exhibit 18). On November 21, 2007, in Case No. 2D06-5049, the state district court of appeal filed a silent per curiam opinion affirming the order summarily denying grounds one, three, four, five, and six of the Rule 3.850 motion for postconviction relief. (Exhibit 19). *Jones v. State*, 973 So. 2d 1136 (Fla. 2d DCA 2007)[table]. Jones filed a pro se motion for rehearing and rehearing en banc (Exhibit 20), which the state district court of appeal denied on February 1, 2008. (Exhibit 21). The mandate issued on February 20, 2008. (Exhibit 22).

## The Present Petition

Jones filed the original unsigned and undated copy of the § 2254 petition on August 28, 2008. (Doc. No. 1). The petition was dismissed without prejudice, and Jones filed a corrected petition on the proper form with the required signature on September 23, 2008. (Doc. No. 6). The present petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Jones' judgment became final on **August 7, 1997**, ninety days after his convictions and sentences were affirmed on appeal on May 9, 1997. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to

run when time expired for filing petition for certiorari from state high court's denial of discretionary review); *Chavers v. Sec., Fla. Dep't. of Corr.*, 468 F.3d 1273 (11th Cir. 2006)(confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days after the mandate was issued).

Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Jones timely filed a Rule 3.850 motion for postconviction relief on **May 27, 1998**, after **293 days** had elapsed in the one-year limitations period. The one-year period was tolled until the postconviction proceeding became final, on **February 20, 2008**, when the state district court of appeal issued the mandate in the postconviction appeal. Thereafter, **190 additional days** passed until Jones filed his federal petition on August 28, 2008. Cumulatively, the number of days during which no collateral proceeding was pending was **483 days** (293 + 190 = 483), or almost four months beyond expiration of the one-year limitations period. Accordingly, the federal petition is untimely.

Jones Not Entitled to Equitable Tolling

The Eleventh Circuit has held that section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)(quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). *See also Helton v. Sec. for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001).

A review of Jones' Reply to Respondent's Response (Doc. No. 19), indicates Jones seeks equitable tolling on his untimely § 2254 petition. Jones concedes he received the record on appeal in the Rule 3.850 collateral proceeding from the Public Defender on November 30, 2008. (Doc. No. 19 at page 3). However, according to Jones' allegation, he received those records after his federal habeas petition was filed on September 21, 2008. Jones also states that he possessed the direct appeal record, including trial transcripts, until he gave these documents to the attorney who represented him in the Rule 3.850 postconviction proceeding. Jones claim his attorney never returned the direct appeal or the postconviction records to him despite numerous requests. Jones contends that "[b]ased on those limited records, Appellant was unable to calculate the time remaining in the time period provided by 28 U.S.C. § 2244." (Doc. No. 19 at page 3).

This argument is not persuasive. The only information relating to the direct appeal which was necessary to determine the commencement of the one-year period was the date the state district court of appeal filed its opinion affirming Jones' judgment and sentence. Jones was aware of the correct date, May 9, 1997, at the very latest when he filed his Rule 3.850 motion for postconviction relief. See Respondent's Exhibit 9, Motion for Postconviction Relief, at page 2. Moreover, to the extent Jones is arguing he did not know when his postconviction proceeding became final, because he was unaware of the denial of his Rule 3.850 motion or the result of the ensuing appeal, the record belies this claim. A review of the final order denying postconviction relief issued on August 24, 2006, reflects that a copy of the order was mailed to Jones at his place of confinement. See Respondent's Exhibit 16 at page 6.

Again, Jones was well aware of the status of this proceeding, because he filed a pro se motion for rehearing following the state district court of appeal's filing of its per curiam affirmance. See Respondent's Exhibit 20. The postconviction proceeding became final with the issuance of the mandate on February 20, 2008. See Respondent's Exhibit 22. The order denying the motion for rehearing and mandate were mailed to Jones personally. Accordingly, Jones has not shown how his alleged lack of access to the record on direct appeal or postconviction appeal in any way contributed to the late filing of the instant federal petition.

Jones has not shown that there were any extraordinary circumstances that were both beyond his control and unavoidable with diligence, and therefore he is not entitled to equitable tolling.

## THE CLAIMS ARE PROCEDURALLY BARRED

Even if the present federal petition were timely, however, the four ineffective assistance of trial counsel allegations raised in the instant petition are unexhausted and procedurally barred. These claims were raised in the Rule 3.850 postconviction motion and were resolved by the state trial court based on the record or evidence adduced at an evidentiary hearing. These issues are now procedurally barred due to Jones' failure to raise them on appeal from the denial of his Rule 3.850 motion for postconviction relief. Although Jones' appellate counsel argued that the postconviction court had erred by summarily denying five of the claims raised in the Rule 3.850 motion, the initial brief did not argue the merits of those claims; rather, counsel asserted that the postconviction judge had violated

Florida's rules of procedure by failing to attach portions of the record to the order denying relief and instead relied on the State's response and attachments.

This argument concerns the correctness of the postconviction court's procedural actions,[1] and constitutes a waiver of the substantive claims of ineffective assistance of counsel. In an unpublished opinion, the Eleventh Circuit addressed this issue and differentiated between a state postconviction appeal following a summary denial and an appeal following a postconviction proceeding for which an evidentiary hearing was granted, as it was in Jones' case:

> Cortes's appeal did not follow an evidentiary hearing, and, therefore, he was not required to file an appellate brief. Furthermore, his decision to do so and to address only some of the issues does not waive the remaining issues raised in his Rule 3.850 motion. *See Webb v. State*, 757 So. 2d 608, 609 (Fla. Dist. Ct. App. 2000). Therefore, Cortes did exhaust his state remedies prior to filing his § 2254 petition. **In contrast, had Cortes received an evidentiary hearing, his failure to address issues in his appellate brief would constitute a waiver**. (footnote omitted).

*Cortes v. Gladish,* 2007 U.S. App. LEXIS 2833 (11th Cir. 2007) (emphasis added). The Eleventh Circuit correctly stated that in Florida, in non-summary proceedings, briefs are required and failure to include and argue any preserved issue in the initial brief acts as a waiver. *See Coolen v. State*, 696 So. 2d 738, 742 n. 2 (Fla. 1997) (stating that a failure to

---

[1] Where the state court's treatment of a Rule 3.850 motion is at issue, no federal question is involved. It is well-established that a writ of habeas corpus only extends to custody and detention. *See Spradley v. Dugger*, 825 F2d 1566, 1568 (11th Cir. 1987). Federal habeas relief does not extend to collateral or ancillary forms of administrative relief. *Id. See also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999) (finding that "errors in state post-conviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief"); *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding"), *cert. denied*, 495 U.S. 936 (1990); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989), *cert. denied sub nom., Franzen v. Deeds,* 493 U.S. 1012 (1989); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1219-20 (10th Cir. 1989), *cert. denied.* 497 U.S. 1010 (1990); *Bryant v. Maryland*, 848 F.2d 492,493 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"); *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986).

fully brief and argue points on appeal "constitutes a waiver of these claims") (quoted in *Simmons v. State*, 934 So. 2d 1100, 1111 (Fla. 2006)). *See also, Hall v. State*, 823 So. 2d 757, 763 (Fla. 2002) ("[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief.").

Florida Rule of Appellate Procedure 9.141(b)(2) provides that in appeals from the summary denial of a Rule 3.850 motion without an evidentiary hearing, "[n]o briefs or oral argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal. The court may request a response from the appellee before ruling." Fla. R. App. P. 9.141(b)(2)(C). In contrast, in an appeal of a Rule 3.850 order after an evidentiary hearing, the movant is required to file an appellate brief, and the movant waives a claim if he does not include the claim in the brief with argument on the claim. *See, e.g., Shere v. State*, 742 So.2d 215, 224 n.6 (Fla. 1999)("In a heading in his brief, Shere asserts that the trial court erred by summarily denying nineteen of the twenty-three claims raised in his 3.850 motion. However, for most of these claims, Shere did not present any argument or allege on what grounds the trial court erred in denying these claims. We find that these claims are insufficiently presented for review."); *Duest v. Dugger,* 555 So. 2d 849 (Fla. 1990)("Duest also seeks to raise eleven other claims by simply referring to arguments presented in his motion for postconviction relief. The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.").

Because Jones' postconviction appeal was from a Rule 3.850 order denying relief after an evidentiary hearing, he was required to file a brief on appeal of the denial of postconviction relief and to provide argument relative to each ground on appeal. *Reaves v. Crosby*, 837 So. 2d 396, 398 (Fla. 2003)(Other than one cursory sentence, there was no argument relative to a ground; ground was not properly before the state court where other than one cursory sentence, there was no argument relative to the claim). By choosing not to brief the four claims presented in the instant federal petition, Jones waived and defaulted all claims included in these grounds and the present federal petition is subject to dismissal on this basis.

Accordingly, the Court orders:

That Jones' petition is denied. The Clerk is directed to terminate all pending motions; to enter judgment against Jones; and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to

proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 20, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Horace Jones, Jr.